IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                                              Civ. No. 24-268 DLM/SCY

DEPARTMENT OF ENERGY and
SANDIA NATIONAL LABORATORY,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's response to the Order to Show Cause. Doc. 9. On June 27, 2024, the Court entered an Order to Show Cause, noting that the record reflects that no Defendant had been served within the 90-day deadline set by Federal Rule of Civil Procedure 4(m). Doc. 8. In response, Plaintiff states that he served both Defendants and provides two signed mail-return receipts. However, it still appears that service is incomplete.

First, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). There is no indication on the docket that the Court has issued summonses and Plaintiff does not state in his response what documents he served. Accordingly, on the record currently before the Court, it does not appear that Plaintiff has properly served either Defendant.[1]

Second, even assuming Plaintiff did serve a summons and complaint with the return-receipt mailing he provided in his response, it does not appear that he properly served Defendant Department of Energy. The certified mail return-receipt Plaintiff provides indicates that he mailed something to "Sandia Labs & DOE" at the address 110 East Broadway, Hobbs, New

---

[1] Plaintiff can refer to the Court's Guide for Pro Se Litigants regarding preparing and issuing of summonses, found here: https://www.nmd.uscourts.gov/representing-yourself-pro-se

Mexico, 88240. Doc. 9 at 4. This address appears to be for the registered agent of National Technology & Engineering Solutions of Sandia, LLC (i.e., the company that operates Sandia National Laboratory). *See* Corporate and Business Search, New Mexico Secretary of State, https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch (last visited July 2, 2024).

Serving an agency of the United States requires a party to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Service on the United States, in turn, requires a party to:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Here, it appears that Plaintiff has not completed service according to these Rules.

**IT IS THEREFORE ORDERED** that, in order to avoid dismissal of this action, Plaintiff must either properly effect service or provide the Court with a written explanation as to why he believes service has been properly completed, on or before **August 2, 2024.**

_____
Steven C. Yarbrough
United State Magistrate Judge