IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                                     Civ. 24-268 KWR/SCY

DEPARTMENT OF ENERGY and
SANDIA NATIONAL LABORATORY,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court sua sponte, following its three Orders to Show Cause regarding failure to serve and Plaintiff's responses. Given Plaintiff's failure to properly serve the Department of Energy, I recommend dismissing it from this matter without prejudice.

## **PROCEDURAL HISTORY**

Plaintiff filed this complaint on March 19, 2024 against Defendants Department of Energy ("DOE") and Sandia National Laboratory ("Sandia"). Doc. 1. By June 27, 2024, more than 90 days after the filing of the complaint, Plaintiff had not served Defendants and so the Court issued an Order to Show Cause. Doc. 8. In response, Plaintiff indicated that he had effected service and attached two return receipts for mail sent to "Sandia Labs & DOE" and to "National Tech. & Eng. Solutions of Sandia." Doc. 9. Seeing two deficiencies in service, the Court issued its Second Order to Show Cause. Doc. 10. First, the Court noted that a summons must be served with the complaint and that there was no indication on the docket that summonses had been issued. *Id.* at 1. Second, it appeared that Plaintiff did not properly serve the DOE according to Rule 4(i), which the Court outlined. *Id.* at 1-2. Plaintiff responded, again

indicating that service was complete and attaching the same return receipts he previously filed, as well as USPS tracking number for an additional piece of mail. Doc. 11.

Once again, the Court found two deficiencies in service and so issued the Third Order to Show Cause. Doc. 12. First, the Court noted that because Plaintiff attached mail return receipts dated before the Court issued summonses, there is no indication that Plaintiff served the summons on Sandia. *Id.* at 1. Second, Plaintiff again failed to follow the proper steps to serve the DOE. *Id.* at 2-3. As with the other orders to show cause, the Court advised Plaintiff that, in order to avoid dismissal of this action, he must either properly effect service or provide the Court with a written explanation as to why he believes service has been properly completed. *Id.* at 3. In response, Plaintiff filed two proofs of service, arguing that he has properly effected service on both Defendants. Doc. 13.

## DISCUSSION

Upon review of Plaintiff's response to the Third Order to Show Cause, it appears that Plaintiff has now properly served Sandia but not the DOE. The Court will address each in turn.

1. <u>Sandia National Laboratory</u>

Under Rule 4(h), service on a corporation, partnership, or other unincorporated association can be completed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). In Plaintiff's response to the Third Order to Show Cause, he attaches a proof of service indicating that a process server personally served Sandia's registered agent, the Corporation Service Company at 110 E. Broadway St., Hobbs, NM 88240. Doc. 13 at 4; *see also* Corporate and

Business Search, New Mexico Secretary of State,

https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch (last visited July 29, 2024).

Thus, I recommend finding that Plaintiff has properly served Defendant Sandia.[1]

2. Department of Energy

Serving an agency of the United States requires a party to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Service on the United States, in turn, requires a party to:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Thus, proper service requires Plaintiff to: (1) send, by registered or certified mail, the summons and complaint to the agency (the Department of Energy); (2) deliver the summons and the complaint to the United States Attorney for the District of New Mexico or send a copy of the summons and complaint, by registered or certified mail, to the civil-process clerk at the United States Attorney's Office; and (3) send the summons and complaint, by registered or certified mail, to the Attorney General of the United States at Washington, D.C.

---

[1] Indeed, Sandia has now appeared in the case and filed a motion to dismiss. Doc. 14.

Despite the Court twice advising Plaintiff of these specific steps (Docs. 10, 12), it appears that Plaintiff has not properly served the DOE. First, as to serving the agency, in response to the Third Order to Show Cause, Plaintiff attaches a proof of service indicating that a process server personally served the DOE through the Corporation Service Company at 110 E. Broadway St, Hobbs, NM 88240. Doc. 13 at 3. The Corporation Service Company, however, is the registered agent for Sandia, not the DOE. Plaintiff provides no other proof that he sent, by registered or certified mail, the summons and complaint to the Department of Energy.

Second, as to delivering a copy of the summons and complaint to the United States Attorney for the District of New Mexico, Plaintiff stated in his response to the Second Order to Show Cause that, "The US attorney office sent a certified copy of the summons and copy of the complaint." Doc. 11 at 1. In the Third Order to Show Cause, the Court pointed out that, despite this statement, Plaintiff failed to provide a certified-return receipt for such service on the United States Attorney's Office. Doc. 12 at 2. In his most recent response, Plaintiff provides no further information and no further proof of service on the United States Attorney's Office.

Third, as to service on the Attorney General, in response to the Second Order to Show Cause, Plaintiff stated, "Attached is the copy of the certification by USPS website sent to the attorney General office as (Exhibit 2)," with the attached information showing delivery to an address in Albuquerque, New Mexico, Doc. 11 at 1, 8. In the Third Order to Show Cause the Court noted that such service appears deficient as Rule 4 requires Plaintiff to "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Doc. 12 at 3 (quoting Fed. R. Civ. P. 4(i)(1)(B)). Plaintiff provides no further information as to service on the Attorney General in response to the Third Order to Show Cause.

Because Plaintiff has failed to properly serve the DOE, after repeated extensions and warnings from the Court, I recommend that the Court dismiss without prejudice Defendant DOE. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## RECOMMENDATION

For these reasons, I recommend dismissing without prejudice Defendant Department of Energy.

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**