IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER

 Plaintiff,

v.

                          Civ. No. 24-268 KWR/SCY

DEPARMENT OF ENERGY, and
SANDIA NATIONAL LABORATORIES

 Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

THIS MATTER comes before the Court upon Defendant National Technology and Engineering Solutions of Sandia, LLC's unopposed Motion to Dismiss for Failure to State a Claim, filed on July 31, 2024 **(Doc. 14)**.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well taken, and therefore is **GRANTED.**

### BACKGROUND

Plaintiff proceeds *pro se*.  In December of 2022, Plaintiff's then-wife, Katherine Gardner ("Ms. Gardner"), sought an elevated security clearance in relation to her employment with Defendant National Technology and Engineering Solutions of Sandia, LLC ("Sandia") **(Doc. 1 at 1)**.  Plaintiff asserts that Defendant denied Ms. Gardner's security clearance request because of "several defamatory and untrue factors regarding false accusations of Mortgage Fraud" and that the Department of Energy ("DOE") did not extend Ms. Gardner security clearance because of Plaintiff's alleged fraud **(*Id.*)**.  He alleges that Defendant represented that Plaintiff had been

1

charged with mortgage fraud "through the Bank of America" (***Id.* at ¶10**).  Following receipt of the first letter, Plaintiff alleges that a representative of Bank of America assured Plaintiff that the representative "was unable to find such a liable [sic] claim" made by Defendant (***Id.* at ¶11**).  Plaintiff also asserts that Ms. Gardner did not receive security clearance or a promotion in December of 2022 based on these initial statements regarding potential mortgage fraud (***Id.* at ¶¶13-14**).

In November of 2023, Plaintiff alleges that Ms. Gardner again sought security clearance from Defendant, which Defendant denied in a second letter (***Id.* at 2**).  While Plaintiff admits he does not possess the letter, he alleges that he read it, and it included "many defamatory and libel statements against [him]" (***Id.* at 2**).  This letter included the following statements:

> "How long have you been aware of your Husband's Criminal Activity?"
>
> "How long have [sic] been part of the Husband's Criminal Activity?"
>
> "Are you part of your [sic] Criminal Activity?"
>
> "Rejecting your submission for a security clearance based on the fact there [sic] are allegations of Mortgage Fraud?"

(***Id.***).  Plaintiff asserts that after Ms. Gardner received this letter, Plaintiff "spent several hours answering the liable [sic] assertions in the Security document asked by the DOE and [Defendant]" (***Id.* at ¶16**).  Following this, Plaintiff filed a Freedom of Information Act ("FOIA") request seeking access to this document but asserts that he has not received any information since (***Id.***).

Plaintiff alleges that Ms. Gardner then "felt forced to choose" between her position with Defendant and her marriage of 28 years (***Id.***).  On December 10, 2023, Ms. Gardner filed for divorce from Plaintiff (***Id.* at ¶19**).

On March 19, 2024, Plaintiff filed his Complaint asserting the following claims:

Count I: Tort claim for Defamation, Libel, and Slander under 28 U.S.C. §4101

Count II: Violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. §552

Defendant National Technology and Engineering Solutions of Sandia LLC ("Sandia") filed this motion for dismissal of all claims **(Doc. 1)**.

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff proceeds *pro se*, which colors the Court's analysis of the sufficiency of his Complaint. "If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d

836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for him. *Id.*

Plaintiff alleges that Defendant failed to provide him with documents in violation of FOIA. For the reasons discussed below, the Court finds that these allegations are insufficient to support a claim on which relief could be granted. Plaintiff also alleges that Defendant Sandia defamed him when it conducted multiple reviews of his then-wife's application for a security clearance. The Court also finds that Plaintiff fails to state a defamation claim. The Court addresses each of Plaintiff's claims in turn below.

### I.     **Plaintiff fails to state a claim under FOIA.**

Plaintiff fails to state a claim under FOIA, 5 U.S.C. § 552 ("FOIA"). FOIA requires federal agencies to make certain records available to the public. 5 U.S.C. § 552 *et. seq.*. However, as discussed below, Plaintiff has failed to demonstrate that Defendant is an *agency* subject to FOIA. Plaintiff's FOIA claim necessarily fails.

FOIA defines an agency within the scope of the statute as:

any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f)(1).

Notably, "FOIA. . . does not apply to *private companies, persons who receive federal contracts* or grants, private organizations, or state or local governments." *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 878 F.3d 1258, 1261 (10th Cir. 2018) (citations omitted) (emphasis added) ("*Rocky Mountain*"). To bring a claim for a FOIA violation, a plaintiff must be

4

requesting documents from an organization covered by the statute, which does not include private organizations or government contractors. *Id*.

Plaintiff alleges that Defendant "received federal funding from the Federal Government and is a component of the [federal] government" **(Doc. 1 at ¶3)**. Plaintiff fails to properly demonstrate that FOIA covers the Defendant.

    a. *The Court will take judicial notice of Defendant's entity status.*

Federal Rule of Evidence 201 allows the Court to take notice of adjudicative facts. F.R.E. 201. "Adjudicative facts are simply the facts of the particular case." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) (*quoting United States v. Wolny,* 133 F.3d 758, 764 (10th Cir.1998)). The Court may take judicial notice on its own and must take judicial notice if a party requests it and supplies the Court with the necessary information. F.R.E. 201(c)(1) & (2). The Court may take judicial notice of facts in evaluating a 12(b)(6) motion to dismiss without converting the motion to dismiss to a motion for summary judgement. *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017).

Defendant requests that the Court takes judicial notice of information on Defendant's website detailing its corporate structure **(Doc. 14 at ¶15)**. Specifically, Defendant asks the Court to take judicial notice of the following statement available on Defendant's website:

> Sandia National Laboratories is a multimission laboratory managed and operated by National Technology and Engineering Solutions of Sandia, LLC., a wholly owned subsidiary of Honeywell International, Inc., for the U.S. Department of Energy's National Nuclear Security Administration under contract DE-NA-0003525.

**(*Id.* at 1)**; Sandia National Laboratories, sandia.gov (Sept. 20, 2024, 3:59 p.m.) https://www.sandia.gov/.

Based on the information provided, the Court will judicially notice Defendant's status as a subsidiary of a corporation with a federal government contract, even though it is not information

offered within Plaintiff's Complaint. *O'Toole*, 499 F.3d at 1225 (Courts may take judicial notice of factual information found on the Internet). Defendant's status as a private entity, rather than a "component of the Government," is a fact of this particular case. *Id.* at 1224. Without knowing Defendant's entity status, it is impossible to analyze Defendant's potential obligations under FOIA, particularly where Plaintiff offers nothing to aid the Court's inquiry beyond a conclusory allegation that Defendant is a component of the federal government **(Doc. 1 at ¶3)**.

Because the Court has determined that Defendant is a private entity, rather than a federal agency, Plaintiff's FOIA claim fails. Private companies with federal contracts are not subject to FOIA simply because of their association with the federal government. *Rocky Mountain*, 878 F.3d at 1261. Rather, for "a private organization to be considered 'federal' for FOIA purposes, there must be 'substantial federal supervision of the private activities' apart from the supervision 'necessary to assure compliance" with agency goals.'" *Id*. Plaintiff has alleged no facts to suggest that Defendant is entangled with the federal government to the level necessary to subject them to FOIA. Merely asserting that Defendant is a "component" of the federal government is insufficient to save Plaintiff's FOIA claim. *See Twombly*, 550 U.S. at 555 (Explaining that mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient to survive a motion to dismiss). Based on these judicially noticed facts, Plaintiff has failed to state a claim that can survive a motion to dismiss.

      b. *Plaintiff fails to properly allege that Defendant is an "agency" under FOIA.*

Even taking Plaintiff's allegation that Sandia is "a component" of the federal government as true, Plaintiff still has not met their burden to show that Defendant is an agency subject to FOIA. While the court must construe Plaintiff's Complaint liberally, Plaintiff must also follow the rules of the Court. *Garrett*, 425 F.3d at 840. This includes satisfying pleading burdens by making more

than assertions based solely on "labels and conclusions." *Twombly*, 550 U.S. at 555.

Here, Plaintiff makes no effort to demonstrate how Defendant is any sort of federal agency **(Doc. 1)**. Plaintiff does not allege that Defendant is "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . , or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Indeed, Plaintiff does not reference this definition at all in his Complaint **(Doc. 1)**.

Rather, Plaintiff asserts that Defendant is a component of the federal government because it may have received federal funding **(*Id*. at ¶3)**. However, this is precisely the kind of mere recitation of labels and conclusions that *Twombly* prohibits. Without any additional allegations that would elevate Defendant's status as an agency "above the speculative level," the Court cannot find that Plaintiff has properly alleged that Defendant is even subject to FOIA. *Twombly*, 550 U.S. at 544. It then follows that FOIA can offer Plaintiff no cause of action against a Defendant not subject to FOIA's requirements in the first place.

As such, Plaintiff's FOIA claim fails as a matter of law and should be dismissed.

II. **Plaintiff fails to state a claim for defamation.**

Plaintiff also alleges a claim for defamation under 28 U.S.C. § 4101. However, 28 U.S.C. § 4101 is the definitions section for what is known as the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"). *See generally* 28 U.S.C. § 4101–4105; *see also Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 932 (N.D. Cal. 2017) (discussing 28 U.S.C. §4101–4105 as being called "The SPEECH Act."). The SPEECH Act discusses when domestic courts may recognize foreign defamation judgements. 28 U.S.C. § 4102(a)(1). It does not itself create a cause of action for defamation. The SPEECH Act offers Plaintiff no recourse for Defendant's alleged defamation. As asserted in

7

Plaintiff's Complaint, Plaintiff has not stated a claim for defamation on which relief can be granted.

Construing Plaintiff's Complaint liberally, it appears that Plaintiff intended to assert a state tort law claim for defamation **(Doc. 1 at 4)**. Plaintiff at least cites to New Mexico defamation case law and attempts to lay out the elements of a defamation claim (***Id.***). The Court discusses the sufficiency of this liberally construed claim below.[1]

Under New Mexico law, the elements of defamation include (1) a publication by the defendant (2) of an asserted fact (3) which is defamatory, (4) communicated to a third person, (5) of and concerning the plaintiff, (6) and proximately causing injury to the plaintiff. *See Schwartz v. Am. Coll. of Emergency Physicians*, 215 F.3d 1140, 1144 (10th Cir. 2000), *citing Newberry v. Allied Stores, Inc.,* 108 N.M. 424, 773 P.2d 1231, 1236 (1989) *and* N.M.R.A. U.J.I. 13-1007 (uniform jury instruction). For private parties, the plaintiff must demonstrate that the defendant knew that the statement(s) were false or was negligent in their determination that they were not false. *Marchiondo v. Brown*, 98 N.M. 394, 399.

      a. *Failure to demonstrate publication by the Defendant*.

First, Plaintiff has failed to establish that it was *Defendant* who published the allegedly defamatory language to a third party.

The first element of a defamation claim is publication by *the defendant*. *Newberry*, 773 P.2d at 1236. Put simply, it must have been Defendant who published the four allegedly defamatory questions. That is not at all clear from Plaintiff's Complaint.

Most of Plaintiff's Complaint asserts that it was the Department of Energy ("DOE"), not Defendant, who handled the security clearance process and who produced the allegedly

---

[1] The Court has original jurisdiction over Plaintiff's FOIA claim. 28 U.S.C. § 1331. It is unclear whether Court has original subject matter jurisdiction over Plaintiff's defamation claim, as Plaintiff has made no showing in his Complaint to demonstrate jurisdiction **(Doc. 1)**. Assuming the Court does not retain original jurisdiction, Court will exercise supplemental jurisdiction over the defamation claim. 28 U.S.C. § 1367(a).

defamatory document **(Doc. 1 at 1)**. He asserts that his then-wife "received a letter from the *Department of Energy*" regarding her security clearance and that "it was confirmed by the *DOE*" that Plaintiff's then-wife did not receive a security clearance because of allegations of mortgage fraud **(*Id.* (emphasis added))**. Plaintiff asserts that he "spent several hours researching the defamatory and liable [sic] accusations concerning the *active questions from the DOE*, about the Plaintiff" **(*Id.* at 2 (emphasis added, errors in original))**. Taking Plaintiff's allegations as true, as the Court must, Plaintiff has accused the DOE of publishing supposedly defamatory statements, not Defendant. Defendant cannot have defamed Plaintiff if it was the Department of Energy who published the allegedly defamatory statements. *See e.g.*, N.M.R.A., U.J.I. 12-1002(B)(1) (requiring that the *defendant* be who published the defamatory statement).

It is true that Plaintiff makes two assertions regarding Defendant's potential publication. Plaintiff asserts that "On December 22, 2022 Sandia labs federal labs issued a security document about Katherine J. Garnder's for security clearance" **(Doc. 1 at ¶9) (errors in original)**. However, this single statement, when contrasted with most Plaintiff's allegations regarding who published these questions, amounts to nothing more than a "threadbare recital[]" of an element of defamation supported by a "mere[ly] conclusory statement[].". *Iqbal*, 556 U.S. at 678. Plaintiff further alleges that the November letter contained libelous "assertions. . . by the DOE and [Sandia]" **(*Id.* at ¶16)**. However, this assertion runs afoul of the Tenth Circuit's prohibition on group allegations. It is "particularly important to make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Bristow Endeavor Healthcare, LLC v. Blue Cross & Blue Shield Ass'n*, 691 F. App'x 515, 519 (10th Cir. 2017) (*quoting Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotations and emphases omitted). A complaint that

"mention[s] no specific time, place, or person involved in the alleged [claims]" offers "defendants seeking to respond to plaintiffs' conclusory allegations. . . little idea of where to begin." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550, U.S. at 565, n. 10). Plaintiff's allegation implicating the Defendant offers the Defendant "little idea of where to begin" when it is not at all clear who is supposed to have produced the allegedly defamatory document. *Id.* The Court cannot find that Plaintiff has stated a claim against Defendant where Plaintiff has failed to allege that it was Defendant who published the documents at issue.

      b. *Failure to demonstrate negligence on the part of Defendant*.

Plaintiff also has not demonstrated that Defendant was negligent in its publication of any potentially false statement.

Neither party alleges that Plaintiff is a public figure, which would then require Plaintiff to demonstrate that Defendant acted with malice in publishing the allegedly defamatory statements. *Marchiondo*, 98 N.M. at 402. "Whether a person is a public figure is a question of law for the court." *Id.* at 399. A public figure is one "who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures and those who hold governmental office." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974). Plaintiff is a dentist who has not injected himself into any matter of public concern to the Court's knowledge. *Marchionado*, 98 N.M. at 399 (finding that an attorney who "did not voluntary inject himself into the controversy [at issue]" was not a public figure). As such, Plaintiff must only show that Defendant either "knew that the communication was false or negligently failed to recognize that it was false." *Clary v. Total Facility Sols., Inc.*, No. CV 20-768 JAP/LF, 2021 WL 1754196, at *10 (D.N.M. May 4, 2021) (unpublished); *see also Marchiondo*, 98 N.M. at 402 ("[W]e adopt the ordinary negligence standard as a measure of proof necessary to establish liability

for compensation for actual injury.").

Plaintiff asserts that "The December inquiry stated as fact that Plaintiff has been charged with Mortgage Fraud through the Bank of America. This was a false liable [sic] statement" **(Doc. 1 at ¶10)**. He then goes on to assert that Bank of America representatives informed him that "that this was a false statement and [Bank of America] had no record of mortgage fraud" (***Id.* at ¶12)**. Assuming *arguendo* that Defendant's statements were false—a matter on which the Court makes no determination—Plaintiff made *no* showing that Defendant knew they were false or was negligent in determining they were false. *Osuagwu v. Gila Reg'l Med. Ctr.*, 938 F. Supp. 2d 1180, 1197 (D.N.M. 2013). The Complaint does not allege Defendant had reason to know that Bank of America may not have had record of alleged mortgage fraud. There is nothing in the record to indicate that Defendant "negligently failed to recognize that the statement was false at the time [they] made it." *Clary*, 2021 WL 1754196, at *11. Nor is there anything to indicate that Defendants *knew* that these statements may have been false. *Id*. Plaintiff's Complaint fails to address this prong of a defamation inquiry in its entirety.

For the reasons stated above, the Court finds that Plaintiff has failed to allege sufficient facts to support several prongs of a defamation claim.

### III.    The Court declines to *sua sponte* offer leave to amend.

Plaintiff did not respond to the motion to dismiss or request leave to amend. The Court therefore declines to *sua sponte* offer Plaintiff leave to amend.

Generally, a party must make a motion for leave to amend a complaint, and a district court need not offer leave to amend *sua sponte*. Local rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th

1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

      Moreover, it is not arbitrary or capricious for a district court to deny leave to amend where a party failed to file a motion for leave to amend. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon."). Therefore, when a party does not request leave to amend after following a motion to dismiss, Tenth Circuit law is clear that a district court generally need not *sua sponte* offer leave to amend.

      In some cases, a court should offer a *pro se* party leave to amend *sua sponte*, such as where the Court dismisses a complaint *sua sponte* and a motion to dismiss has *not* been filed. *Serna v.*

*Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023); *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.").

That is not the case here. Defendant properly filed a motion to dismiss. Plaintiff had every opportunity to respond or request leave to amend. A motion to dismiss provides the non-moving party with notice of the defects in a complaint and provides an opportunity for the *pro se* plaintiff to seek leave to amend to fix the defects. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023) (noting that court need not grant pro se plaintiff leave to amend where a motion to dismiss was filed, distinguishing cases where court *sua sponte* screened and dismissed complaint); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (recognizing that a motion to dismiss provides a plaintiff notice and opportunity to amend complaint, as opposed to sua sponte dismissal). Therefore, where a motion to dismiss is filed, a district court need not *sua sponte* offer leave to amend. *Serna*, 58 F.4th at 1173 n.4.

Here, the motion to dismiss provided adequate notice of the defects in the complaint. In response, Plaintiff was required to file a motion to amend the complaint if he desired to amend his complaint. He has not done so. Indeed, the record indicates that Defendant attempted to work with Plaintiff to cure deficiencies or otherwise timely file a proper motion **(Doc. 23 at ¶7 (Notice of Completion of Briefing))**. Therefore, the Court declines to *sua sponte* offer leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff has not met their pleading burden as to a violation of FOIA (Count II). The Court also finds that Plaintiff has failed to state a claim for defamation

against Defendant (Count I).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim **(Doc. 14)** is **GRANTED**.

                                                                                                           /S/  
                                                                                                          KEA W. RIGGS  
                                                                                                          UNITED STATES DISTRICT JUDGE